IN **THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANNABEL DOBBS, individually and | ) | |
| as personal representative of the | ) | |
| Estate of TERRY DOBBS, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV 04-1762-HE |
| | ) | |
| FOREST LABORATORIES, | ) | |
| WYETH PHARMACEUTICALS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendant Wyeth Pharmaceutical's motion to dismiss for

insufficient service of process, premised on plaintiff's failure to serve the defendant within

120 days from commencement of the case.  Plaintiff has responded, arguing that she had

good cause for failure to effect service in timely fashion or, alternatively, that a permissive

extension of time is appropriate.  Plaintiff has also filed a motion for enlargement of time to

effect service.[1]    The submissions of the parties indicate that service on Wyeth was

accomplished on June 23, 2005, some six months after the case was filed.

Contrary to plaintiff's suggestion, the present circumstances do not come remotely

close to showing good cause for plaintiff's failure to effect service in a timely fashion.

---

[1]*Wyeth has not responded to plaintiff's motion.  However, as the same issues are involved
as are addressed in Wyeth's motion and brief, the Court concludes both motions are ripe for
disposition (at least insofar as plaintiff and Wyeth are concerned).*

Plaintiff relies on the fact that the Houston counsel[2] who apparently represent her were extremely busy with another major case, that their efforts were worthy due to their pro bono nature, and that the paralegal assigned to the matter by that firm had personal and family medical problems.  As a threshold matter, the Court notes that the only attorney who has entered an appearance for plaintiff in this case, as required by the Court's rules,[3] is Tia Goodman, Esq.   The difficulties facing the Houston firm may have had some practical impact on what occurred here, but they are of little consequence in terms of the attorney(s) actually responsible for the proceedings initiated in this Court.  Even if pertinent, the circumstances involving the Houston firm do not excuse that firm's negligence in failing to appropriately monitor and conduct the case.

The closer question is whether the Court should give effect to the nontimely service of process on Wyeth as a discretionary or permissive matter, even absent good cause.  Here, despite the lack of care and diligence shown by plaintiff's counsel, there are factors which suggest permissive relief is appropriate.  *See generally* Fed.R.Civ.P. 4(m); Espinoza v. United States, 52 F.3d 838 (10th Cir. 1995).  The statute of limitations for plaintiff's claim has expired, making any dismissal at this time one that is, in substance, with prejudice.  There is no indication the delay in service has prejudiced defendant.  Further, there is some indication that ongoing settlement negotiations involving  this and other cases, or at least other cases like this one, with the same defendant, occurred with defendant Wyeth despite

---

[2]*Vickery & Waldner, LLP.*

[3]*LCvR 83.4 applies to all counsel appearing for a party, not just "local counsel."*

the lack of service.  On balance, the Court concludes — barely — that sufficient reason exists to permit the non-timely service of process on Wyeth.

The Court further concludes that counsel for plaintiff should bear personally the reasonable attorney's fees incurred by defendant Wyeth in pursuing its motion to dismiss.[4] The parties are directed to confer and reach agreement, if possible, as to the reasonable amount of those fees and to advise the Court of the agreed amount.  If agreement cannot be reached, defendant is directed to file its fee application and supporting information not later than **September 1, 2005**, with plaintiff's response due **September 10, 2005**.

Defendant Wyeth's motion to dismiss is **DENIED**.  Its answer or other responsive pleading shall be due **September 1, 2005**.  Plaintiff's motion for extension of time is **STRICKEN**.[5]

---

[4]*As noted above, the only attorney for plaintiff who has appeared in this Court is Tia Goodman and the attorney's fee order will be directed to her.  Counsel for plaintiff, both appearing and nonappearing, may obviously apportion that fee where blame appropriately lies.*

[5]*The Court's disposition of Wyeth's motion makes plaintiff's motion for extension of time moot as to Wyeth.  Although the motion is not moot as to codefendant Forrest Pharmaceuticals, plaintiff apparently has not even issued summons against that defendant, despite the passage of an additional two months since she sought summons for service on Wyeth.  The Court concludes the consequences of nontimely service on Forrest Pharmaceuticals, if it ever occurs, should await that party's appearance and involvement in the discussion.*

**IT IS SO ORDERED**.

Dated this 4th day of August, 2005.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE