IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANNABEL DOBBS, Individually and as Personal Representative of the Estate of TERRY DOBBS, Deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) |
| | ) NO. CIV-04-1762-D |
| WYETH PHARMACEUTICALS, | )<br>) |
| Defendant. | ) |

ORDER

Before the Court is the Motion in Limine [Doc. No. 115] of Wyeth Pharmaceuticals ("Wyeth") in which Wyeth seeks to preclude Keith Altman ("Altman") from testifying on behalf of Plaintiff at trial. Altman is included on Plaintiff's final witness list [Doc. No. 106], but there is no description of his anticipated testimony; he was not named in any preliminary witness lists submitted by Plaintiff. Wyeth contends that, because of Altman's experience as an expert witness on the subject of databases maintained by pharmaceutical manufacturers, any testimony he could offer in this case would require his designation as an expert witness. Plaintiff did not timely disclose Altman as an expert; therefore, Wyeth argues, his testimony must be excluded. Wyeth also contends that Altman should not be allowed to testify as a fact witness because Plaintiff's belated disclosure prevents Wyeth from deposing him and preparing to respond to his testimony.

In response, Plaintiff concedes that Altman was not disclosed as an expert witness on the list she filed in accordance with the requirements of Fed. R. Civ. P. 26(a)(2)(B) and this Court's revised Scheduling Order of March 14, 2007; neither has Altman submitted an expert witness

report. Plaintiff agrees that Altman is highly qualified to serve as an expert witness and that he has provided expert testimony in many cases, including those involving allegations similar to Plaintiff's claims in this case. However, Plaintiff argues, Altman will not testify as an expert witness in this case, but will testify only as a fact or summary witness on the subject of data derived from relevant computer databases; Plaintiff argues that such evidence is admissible under Fed. R. Evid. 1006. Furthermore, Plaintiff contends Altman's testimony will not surprise or prejudice Wyeth because its counsel has served as counsel of record in other litigation in which Altman served as an expert witness. Plaintiff also states that she has no objection to producing Altman for a deposition; however, she suggests that if Wyeth deposes him, Altman should be considered an expert witness from whom Plaintiff may elicit opinion testimony at trial.

To the extent that Wyeth seeks to prevent Altman from testifying as an expert witness, its Motion must be granted. The Court disagrees with Plaintiff's contention that Altman's participation in other cases involving Wyeth's counsel is sufficient to justify Plaintiff's failure to disclose him as an expert witness in this case. That Wyeth's counsel is familiar with Altman and his expertise or the work he has performed in other lawsuits does not excuse Plaintiff from compliance with the expert witness disclosure requirements of Fed. R. Civ. P. 26 (a)(2)(A) and (B) or the requirements and deadlines established by the Court in this case. Because Plaintiff did not comply with these requirements, Wyeth did not have notice that Altman would offer expert opinions in this case, and it had no reason to designate its own expert witness or otherwise prepare to respond to his testimony.

Pursuant to Fed. R. Civ. P. 37, a party who fails, "without substantial justification," to comply with the disclosure requirements of Fed. R. Civ. P. 26(a) is not permitted to use at trial "any

information not so disclosed," unless the failure is harmless. Fed. R. Civ. P. 37(c)(1). In this case, Plaintiff has not offered substantial justification for her failure to comply with the rules requiring disclosure of expert witnesses or production of expert reports, and that failure is not harmless. Consequently, Altman will not be qualified as an expert witness or permitted to offer expert opinion testimony at the trial of this matter.

Plaintiff contends, however, that Altman will not testify as an expert witness, but will offer only factual testimony summarizing the data which he obtained from an analysis of relevant computer databases. According to Plaintiff, Altman "was hired to assist in the extraction and summarization of ...voluminous data" derived from Wyeth's electronic adverse event database. *See* Plaintiff's Response to Wyeth's Motion in Limine to Exclude Keith Altman ("Plaintiff's Response") ¶ 3. The parties describe Wyeth's database, identified as the $S^3$ database, as reflecting the number of suicide attempts, completed suicides, and instances of suicidal ideation for individuals taking Effexor, the prescription antidepressant medication at issue in this case. Plaintiff's Response ¶ 4. Altman submitted an affidavit in which he explains the work he performed on behalf of Plaintiff with regard to the relevant databases; he also discusses his qualifications and experience in analyzing complicated databases involving a variety of products which have been the subject of "mass tort litigation," including but not limited to those involving prescription medications. *See* Affidavit of Keith Altman, Exhibit A to Plaintiff's Response ("Altman Aff.") ¶¶ 2-10. Among the analyses he has performed are those involving the prescription drug "adverse event" databases maintained by Wyeth, the Food and Drug Administration ("FDA"), and other pharmaceutical companies. *Id.* ¶¶ 7-15. In particular, Altman discusses the analysis he was retained to perform with regard to Wyeth's $S^3$ database in this case as well as in other litigation. Altman Aff. ¶¶ 16-21.

Altman explains Wyeth's $S^3$ database and provides a summary chart reflecting the results of his analysis of its contents. *Id.* ¶¶ 21-25.

Although Plaintiff acknowledges that "it takes someone with technical ability" who can "navigate these databases" and "extract pertinent information" to prepare a summary of the pertinent databases, she contends that "the information extracted is factual, not opinion." Plaintiff's Response ¶ 2. As a result, Plaintiff argues, Altman's testimony and the chart or charts he prepared[1] to reflect the extracted information are admissible pursuant to Fed. R. Evid. 1006, which provides:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The court may order that they be produced in court.

According to Plaintiff, Altman's testimony will constitute a summary admissible under Rule 1006 because it is limited to a compilation of the contents of the extensive databases he reviewed and analyzed, and he will present only a summary of the factual information he extracted from those databases.

Plaintiff urges the Court to find Altman's testimony admissible according to the test adopted in United States v. Ray, 370 F.3d 1039, 1046 (10th Cir. 2004) *vacated on other grounds,* 543 U.S. 1109 (2005). In Ray, a criminal case involving numerous drug transactions, a law enforcement official was permitted to summarize the testimony and evidence presented by the more than 50 witnesses who had testified during a 23-day trial. The Tenth Circuit in Ray held that Fed. R. Evid. 1006 did not apply in that case because the challenged testimony did not involve

---

[1]*Paragraph 24 of Altman's affidavit includes a facsimile chart; however, Plaintiff does not expressly state that the facsimile is the only chart she anticipates utilizing at trial.*

voluminous documents or data, but merely summarized other witnesses' testimony. 370 F.3d at 1046. Instead, under the general authority in Fed. R. Evid. 611 the court evaluated the testimony according to a Fourth Circuit test which requires a court to determine: 1) "whether the summary chart [or testimony] aids the jury in ascertaining the truth," and 2) "the possible prejudice that may result to the defendant in allowing such evidence, looking specifically to whether the preparer of the chart was available for cross-examination and whether the district court gave appropriate limiting instructions." 370 F.3d at 1046-47, *citing* United States v. Johnson, 54 F.3d 1150, 1157 (4th Cir. 1995). The Tenth Circuit affirmed the trial court's decision to admit the challenged testimony because the summaries aided the jury in understanding the previous testimony, the defendant had an adequate opportunity to study the charts and cross-examine the witness, and the trial court provided explicit limiting instructions to the jury regarding their consideration of the summary evidence 370 F.3d at 1047-48.

Applying Ray to Altman's anticipated testimony, Plaintiff argues that he will merely summarize for the jury the complex information in the databases and that such summary will aid the jury in understanding that information. Plaintiff further argues that Wyeth will not be prejudiced because Altman can be deposed, and Wyeth can utilize its own witness to respond to the summary.

Wyeth contends that both Fed. R. Evid. 1006 and Ray are inapplicable because, notwithstanding his designation by Plaintiff as a fact witness, Altman's testimony necessarily requires expert opinion. Unlike the data contemplated by Fed. R. Evid. 1006, Wyeth argues, the data summarized by Altman consists of that which he determined to be relevant by applying his expertise. According to Wyeth, Altman's testimony and any chart reflecting his compilation of data necessarily is based on his expert opinion.

The parties agree that this same issue was recently decided in Jacquelyn Giles v. Wyeth, Inc., Case No. 04-04245-JPG, United States District Court for the Southern District of Illinois. In Giles, Plaintiff also added Altman as a witness after the expiration of the deadline for expert witness designations and described him as a fact witness who would testify regarding his summary of information derived from relevant adverse event databases. The Court in Giles granted Wyeth's motion to exclude Altman's testimony, concluding that his testimony would necessarily require that he be qualified as an expert witness. *See* Transcript of July 9, 2007 Status Conference in Giles, submitted as Wyeth Exhibit 4 to its Motion in Limine, p. 37, lines 16-19.

Plaintiff argues that this Court should not follow the decision in Giles because Altman was listed as a witness in Giles on the eve of trial; in contrast, there is adequate time before the trial in this case to permit Wyeth to depose Altman and prepare for trial. Plaintiff also argues that, unlike the Tenth Circuit, the Seventh Circuit has not adopted the test applied in Ray.

Wyeth contends, however, that the issue is whether Altman's testimony, notwithstanding Plaintiff's characterization, is expert opinion testimony which has not properly been disclosed. Even if it is considered fact or summary testimony, Wyeth argues, it must be excluded because it was not timely disclosed in any list prior to the final witness list filed by Plaintiff. That list was not filed until after Wyeth had completed the maximum 20 depositions allowed by the Court and after Wyeth's motion to increase the number of depositions had been denied. Thus, Wyeth contends, Altman should be excluded as a fact witness according to Fed. R. Civ. P. 37(c)(1).

As noted herein, the Court agrees that, if Altman's testimony requires his designation as an expert witness, his testimony must be excluded. Because the record before the Court does not

precisely describe his testimony[2], however, the Court cannot determine at this time whether his testimony can be properly admitted as factual or summary testimony under Fed. R. Evid. 1006[3]. Although Plaintiff should have disclosed Altman on a preliminary witness list prior to the completion of the maximum number of depositions, the Court does not find that Fed. R. Civ. P. 37(c)(1) mandates Altman's exclusion on that basis because the resulting prejudice to Wyeth can be cured by permitting Wyeth to depose Altman.

Therefore, Wyeth is granted leave to depose Altman as soon as is practicable, but such deposition must be completed by September 28, 2007. If, after conducting the deposition, Wyeth in good faith believes that Altman's testimony requires his designation as an expert witness, it may file a new motion in limine by the extended October 15, 2007 deadline. If Wyeth elects to do so, it may file that motion in addition to its other anticipated motions in limine, and the Altman motion will not be counted as a part of the page limitation for Wyeth's other motions in limine, as set forth in the September 7, 2007 Order [Doc. No. 137].

The Court does not agree with Plaintiff's suggestion that allowing Wyeth to depose Altman will permit Plaintiff to elicit expert opinion testimony from Altman. To the extent that Plaintiff seeks Court authorization to qualify Altman as an expert witness or to expand the scope of his testimony to include expert opinion, that request is denied.

In accordance with the foregoing, Wyeth's Motion in Limine [Doc. No. 115] is GRANTED

---

*[2]The final list filed by Plaintiff [Doc. No. 106]does not summarize Altman's testimony or that of any listed witness; it states only the name, business address, and telephone number of each listed witness.*

*[3]The Court is not persuaded that Ray governs the admissibility of Altman's testimony, and the Tenth Circuit does not appear to have applied it in a civil case involving an evidentiary challenge similar to that at issue in this case. However, whether either Fed. R. Evid. 1006 or Ray governs, the issue cannot be determined from the record at this time.*

to the extent that it seeks to preclude Keith Altman from testifying as an expert witness. To the extent that it seeks to preclude Keith Altman from testifying as a fact witness for the purpose of providing the type of summary contemplated by Fed. R. Evid. 1006, the motion is DENIED without prejudice to Wyeth's right to file a new motion in limine after Keith Altman has been deposed.

      IT IS SO ORDERED this 13th day of September, 2007.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE