IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANNABEL DOBBS, | § | |
| Individually and as | § | |
| Personal Representative of the | § | |
| Estate of TERRY DOBBS, Deceased, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE #5:04-cv-01762-D |
| | § | |
| WYETH PHARMACEUTICALS, | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO WYETH'S RENEWED MOTION AND OPENING BRIEF IN SUPPORT OF MOTION IN LIMINE TO PRECULDE KEITH ALTMAN, AN UNDISCLOSED EXPERT, FROM TESTIFYING**

Wyeth moved to exclude any testimony at trial from Keith Altman, on the grounds that he is an "undisclosed expert." Plaintiff Annabel Dobbs responded. The court directed that Altman be made available to be deposed by Wyeth. His oral deposition was taken on September 25, 2007. Wyeth has now renewed its motion to preclude Altman, who it calls an undisclosed *expert*, from testifying. This is Plaintiff's response.

1. **Wyeth has not negated either prong of the Tenth Circuit's test.** In her initial response to Wyeth's motion, Annabel Dobbs pointed out that the Tenth Circuit has established an express test for determining the propriety of summary witness testimony under Rules 611(a) and 1006. *United States v. Ray*, 370 F.3d 1039, 1046 (10th Cir. 2004),[1] *vacated on other grounds*, 543 U.S. 1109 (2005).

***Does Altman's testimony aid the jury in ascertaining the truth?***  Among other allegations in this case, Annabel Dobbs has alleged that Wyeth had certain information about Effexor that it failed to share with patients, prescribing physicians and, in some cases, even with the FDA.  What Wyeth knew about its own drug is the needle buried deep in a very, very voluminous haystack known as the $S^3$ adverse event data base.  The information that Altman retrieved from that data base, indeed, will provide such assistance to the jury.  Wyeth's renewed motion is silent regarding this.

***Will Wyeth be in any way prejudiced by Altman's testimony?***  As has previously been pointed out to the court, Keith Altman is not unfamiliar to Wyeth.  Altman extracted information from Wyeth's data base in both the *Ackerman* and *Giles* cases.  Additionally, Wyeth had the opportunity from 9:37 a.m. to 4:52 p.m. on September 25th to quiz him about everything he had done in retrieving information from the data base.  Allowing this data to surface will hardly be a surprise to Wyeth.

2. **Wyeth ignores the clear language of Rule 1006.**  This rule exists for a reason.  It exists because the courts recognize that in 2007, litigation frequently involves millions of pieces of paper, trillions of items of data and a Mt. Everest of information so high that no trier of fact could ever scale it.  Wyeth's adverse event data base, without question, is such an obstacle.  The rule permits this sort of information to be presented by charts, summaries or calculations.  Calculations.  A word that Wyeth seems to feel disqualifies anyone smart enough to make some.  Indeed, in Exhibit 1 to Wyeth's renewed motion, on page 34 of

Altman's deposition, Altman points out that, "This is all objective mathematical computations."

For the reasons previously stated in Plaintiff's initial response, and for the reasons set out above, Annabel Dobbs again requests that the Court deny Wyeth's motion and allow Keith Altman to testify. His testimony—regardless of how Wyeth spins it—is simply a compilation of the voluminous data that is allowed by Rule 1006.

Respectfully submitted,

*/s/Paul F. Waldner*
Paul F. Waldner
Texas State Bar No. 20679800
Arnold Anderson (Andy) Vickery
Texas State Bar No. 20571800
VICKERY, WALDNER & MALLIA, LLP
One Riverway Drive, Suite 1150
Houston, TX  77056-1920
Telephone:  713-526-1100
Facsimile: 713-523-5939
Email: paul@justiceseekers.com
Email: andy@justiceseekers.com

**Certificate of Service**

I certify that on this 30th day of October, 2007, a true and accurate copy of this pleading has been electronically filed with the Clerk using the CM/ECF system, which will automatically send email notifications of such filing to the following attorneys of record:

Tia J. Goodman, Esq.
BURTON & GOODMAN, PLLC
500 North Walker Ave., Suite B
Oklahoma City, OK  73102

Mark Herrmann, Esq.
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, OH  44114

Douglas M. Todd, Esq.
Thomas G. Wolfe, Esq.
PHILLIPS MCCALL MCCAFFREY MCVAY MURRAH-OKC
211 N. Robinson Ave., 12th Floor
Oklahoma City, OK  73102

Amber Shushan, Esq.
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309

Junius C. McElveen, Esq.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC  20001

Terence M. Murphy, Esq.
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515

*/s/Paul F. Waldner*
Paul F. Waldner